**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TRUSTEES OF THE B.A.C. LOCAL 4 PENSION AND ANNUITY FUNDS, et al.,

Plaintiffs,

v.

C & C RIPOLL MASONRY, INC.,

Defendant.

Civil Action No. 15-119 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on the motion for default judgment of Trustees of the B.A.C. Local 4 Pension and Annuity Funds, Trustees of the New Jersey B.A.C. Health Fund, Trustees of the New Jersey BM&P Apprentice and Education Fund, Trustees of the Bricklayers & Trowel Trades International Fund (collectively "Funds"), and Richard Tolson, as Administrator of B.A.C. Administrative District Council of New Jersey (the "Union") (collectively "Plaintiffs"). (ECF No. 5.) Plaintiffs brought suit against C & C Ripoll Masonry, Inc. ("C & C Ripoll" or "Defendant") under the Employee Retirement Security Income Act of 1974 ("ERISA") and the Labor-Management Relations Act of 1947 ("LMRA"), seeking to collect delinquent employer contributions to employee benefit plans that Defendant was required to withhold from its employees' pay and forward to the union. (Compl. 1, ECF No. 1.)

Rule 55 of the Federal Rules of Civil Procedure allows a court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Nevertheless, it is preferable that "cases be disposed of on the merits whenever practicable." *Id.* at

1181. "[P]rior to entering default judgment, the Court must ensure that it has proper jurisdiction over the action," and that a legitimate cause of action has been asserted. *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008). By virtue of the default, the court accepts as true all well-pleaded factual allegations of the complaint, except those factual allegations related to the amount of damages. *DIRECTV Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

The Court finds that it has jurisdiction to decide Plaintiffs' default judgment motion.[1] In addition, the Court finds that Plaintiffs asserted a legitimate cause of action. The Complaint asserts that: (1) C & C Ripoll and the Union are parties to a Collective Bargaining Agreement ("CBA"); (2) pursuant to the CBA, C & C Ripoll must make specified contributions to the Funds and forward dues check-offs and other contributions to the Union; and (3) from January 9 through October 6, 2014, C & C Ripoll's employees performed covered work on the G Wing of Ramapo College in Mahwah, New Jersey, but failed to make $28,999.55 in required contributions to the Funds and failed to remit $2,001.57 in required dues check-offs to the Union. (Compl. ¶¶ 11-14.)

Plaintiffs' motion papers indicate that after this action was commenced, Defendant paid all required contributions and dues check-offs owed, excluding interest, liquidated damages, and

[1] "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991). Federal Rule of Civil Procedure 4(h)(1)(B) provides that an individual may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). On March 9, 2015, Plaintiffs personally served Defendant by providing a copy of the Summons and Complaint to Defendant's registered agent, Walter Ripoll. (Return of Service, ECF No. 3.) Accordingly, the Court has personal jurisdiction over Defendant. The Court also has subject matter jurisdiction over the dispute pursuant to 11 U.S.C. § 1331.

attorneys' fees. (Declaration of Gary Mercadante ("Mercadante Decl.") ¶ 6, ECF No. 7.) Plaintiffs, therefore, request judgment in the amount of $8,749.86, which represents interest, liquidated damages, and attorneys' fees. (*Id.* ¶ 13.)

The Court must deny Plaintiffs' motion. Local Civil Rule 7.1(d)(1) provides that:

> [n]o application will be heard unless the moving papers and a brief, prepared in accordance with L. Civ. R. 7.2, and proof or acknowledgment of service on all parties, are filed with the Clerk at least 24 days prior to the noticed motion day. The brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page.

L. Civ. R. 7.1(d)(1). Plaintiffs did not file a legal brief pursuant to Local Civil Rule 7.1(d)(1) or a statement that no brief was necessary. In addition, the Court is not clear regarding Plaintiffs' calculation of interest damages. Plaintiffs' motion provides that: (1) employees of Defendant performed covered work on the project from January 9 through October 6, 2014; (2) Defendant failed to make $28,999.55 in required contributions to the Funds; and (3) "Employers [were] liable for the payment of delinquent Contributions with interest at the rate of ten percent (10%) per annum (***calculated from the Due Date***) for local funds." (Mercante Decl. ¶¶ 5, 10 (emphasis added).) Plaintiffs then set forth how they calculated interest in this case:

> Simple interest at a rate of ten percent (10%) per annum on the corpus of $28,999.55 from the Ramapo Project yields $7.95 per day. From July 1, 2014, the midpoint of the delinquencies, through February 27, 2015, the date the delinquency was paid, there are 241 days. Simple interest in the amount of $7.95 per day multiplied by 241 days yields a total of $1,915.95 in interest owed to the Funds.

(*Id.* ¶ 11.) Plaintiffs, however, do not explain how calculating interest from the midpoint of the delinquencies results in the accurate amount of interest owed. Absent a more thorough explanation, the Court would be required to accept Plaintiffs' assertion that calculating the delinquency from July 1, 2014, yields the accurate amount of interest. While the Court accepted the well-pleaded

factual allegations in the Complaint as to Defendant's liability, it cannot accept the interest calculation provided in Plaintiffs' default judgment motion as to interest damages.

Accordingly,

**IT IS** on this 29th day of January 2016, hereby **ORDERED** that:

1. Plaintiffs' motion for default judgment is denied without prejudice.

2. By **February 29, 2016**, Plaintiffs may file a renewed motion for default judgment. The motion should be supported by a legal brief in conformance with L. Civ. R. 7.1(d) or a statement that no brief is necessary. In addition, the motion should clearly account for the damages alleged.

3. Plaintiff must serve a copy of this Order upon Defendant by **February 10, 2016**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**